**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK SMITH,** | : | **No. 3:25-CV-1600** |
| **Plaintiff** | : | |
| | : | **(Caraballo, M.J.)** |
| **v.** | : | |
| | : | |
| **FRANK BISIGNANO,** | : | |
| **Commissioner of** | : | |
| **Social Security,** | : | |
| **Defendant** | : | |

## MEMORANDUM

### I. Introduction

Plaintiff Patrick Smith seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, respectively. The Court has jurisdiction pursuant to Title 42, United States Code, Section 405(g), and Title 28, United States Code, Section 636(c)(1).

Smith raises two challenges to Administrative Law Judge ("ALJ") Frank Barletta's determination that Smith was not disabled under the Social Security Act. Smith contends that, when assessing his residual

functional capacity, the ALJ: (1) wrongfully declined to include the detailed instructions limitation recommended in Dr. Phillips's respective medical opinion; and (2) rejected Dr. Albandar's opinion pertaining to leg elevation for the wrong reason. Doc. 7 at 6. As explained below, ALJ Barletta's conclusions were supported by substantial evidence in the record, coupled with sufficient reasoning to permit meaningful judicial review. Accordingly, the Court affirms the Commissioner's decision to deny Smith's claims for social security disability benefits.

## II. **Background**[1]

On August 30, 2022, Smith filed an application for disability insurance benefits and supplemental security income benefits under Title II and Title XVI of the Social Security Act, alleging disability as of June 30, 2022, due to pancreatic cancer stage 1, fatigue, depression, and nausea. Tr. at 63. The Social Security Administration ("SSA") denied Smith's application on March 15, 2023, *id.* at 105-110, and again upon reconsideration on December 1, 2023. *Id.* at 111-120. Smith

[1] As the parties and the Court are well-acquainted with the facts underlying this appeal, the Court provides only a brief summary of the procedural history, and addresses the pertinent facts in the discussion below.

accordingly requested and received a hearing on July 10, 2024. *Id.* at 35-58; 121-122.

On September 27, 2024, ALJ Barletta issued a decision concluding that Smith was not disabled. *Id.* at 14-34. Smith appealed to the Social Security Appeals Council on November 4, 2024. *Id.* at 178-179. The Appeals Council denied his request on July 11, 2025. *Id.* at 1-6. The instant appeal followed. Doc. 1. The Commissioner provided the record on September 29, 2025. Doc. 6. The parties then filed their respective briefs, leaving this matter ripe for decision. Docs. 7, 11-12.

## III. Discussion

### A. Standard of Review

Review of the Commissioner's decision denying a claimant's application for social security disability benefits is limited to determining whether the factual findings of the final decisionmaker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial in this context is "more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). Put more pointedly, it is

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In an adequately developed record, this can mean "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n.*, 383 U.S. 607, 620 (1966) (citations omitted).

Under this deferential standard, "[f]actual findings which are supported by substantial evidence must be upheld." *Ficca v. Astrue,* 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) (citations omitted); 42 U.S.C. § 405(g). This Court's role is not to re-weigh the evidence and make factual determinations, but to simply review the record and ensure that the ALJ provided "a discussion of the evidence and an explanation of reasoning for her conclusion sufficient to enable meaningful judicial review." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations and quotations omitted). An ALJ meets that standard by stating "in her decision which evidence she has rejected and which she is relying on as the basis for her finding." *Schaudeck v. Comm'r of SSA,*

181 F.3d 429, 433 (3d Cir. 1999) (citations omitted). Moreover, when there is countervailing evidence, an ALJ must "give some reason for discounting the evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted); *see also Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (holding that substantial evidence standard is unmet when the ALJ fails to resolve conflicts created by countervailing evidence).

### B. The ALJ Sufficiently Explained His Reasoning for Declining to Include a Detailed Instruction Limitation Into the Residual Functioning Capacity.

Smith contends that ALJ Barletta failed to explain why he did not incorporate the detailed instruction limitation proposed by Dr. David Phillips when formulating Smith's residual functioning capacity. Doc. 7 at 8. The Commissioner responds that the ALJ specifically explained why he found Dr. Phillips's opinion not persuasive. Doc. 11 at 7-8.

The ALJ is tasked with assessing a claimant's residual functional capacity. 20 C.F.R. § 404.1546(c). "Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*,

181 F.3d 358, 359 (3d Cir. 1999)). A residual functional capacity reflects the *most* that an individual can still do, despite his or her limitations, and is used at steps four and five of the ALJ's analysis. 20 C.F.R. §§ 404.1520, 404.1545; SSR 96-8P, 1996 WL 374184, at *2. Although all evidence of record is considered, the ALJ's determination must be supported by medical evidence. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

The ALJ need not adopt every limitation expressed by an expert, as it is well-established that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and [residual functional capacity] determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). An ALJ can find greater or lesser limitations than those described in medical opinions if they can point to the basis for finding that limitation. *See Warfel v. Saul*, 2021 WL 4768639 at *24-25 (M.D. Pa. 2021) ("The ALJ cited to substantial evidence in support of finding greater limitations than Dr. Fink's opinion that Plaintiff could carry out detailed instructions and had no limitations in adaptation. The ALJ also cited to substantial evidence to explain finding less limitations than those

opined by Dr. Bredow who determined Plaintiff had a marked limitation in the ability to deal with normal work stress and complete a normal workday and workweek without interruptions from psychologically based symptoms and would likely miss four or more days per month of work as a result of her medical impairments or need for medical treatment.") (citations omitted).

Here, the ALJ found the opinion by Dr. Phillips proposing a detailed instruction limitation to be unpersuasive, and imposed lesser limitations in formulating the residual function capacity. Tr. at 21. ALJ Barletta justified this finding by explaining that the medical record was consistent with a different set of limitations than those proposed by Dr. Phillips. *Id.* Specifically, the ALJ found:

> Although no limitations were identified other that in completing a normal workday and workweek and carrying out detailed instructions, which are generally consistent with the claimant's subjective reports during treatment, there is no support for the claimant being absent from work more than 4 days per month, and treating records are consistent with no more than mild limitations (Exhibit 23F).

Tr. at 21. The cited exhibit states that the treating physician diagnosed Smith with mild depression. Tr. at 1178. Further, the cited exhibit shows the psychosocial assessment found Smith was fully oriented,

possessed normal thought process, and attention was only "mildly impaired." Tr. at 1175. By leveraging that evidence of record, the ALJ met his burden of articulation, permitting meaningful judicial review. The "mild" limitation included in the residual functioning capacity was thus "credibly established" by the medical record. *Rutherford v. Barnhart,* 399 F.3d 546, 554 (3d Cir. 2005). As such, the Court will not disturb the ALJ's findings regarding Dr. Phillips.

Smith posits that by disregarding the sole medical opinion on his mental limitations, the ALJ effectively could not have substantial evidence in the record to support his ultimate formulation of the residual functional capacity. Doc. 7 at 10-12. Although that position is inventive, the authorities cited by Smith are distinct, as they involved scenarios where the ALJs failed to adequately explain their bases for rejecting the limitations proffered by the sole experts. *See, e.g., Hobart v. Kijakazi,* 2023 WL 2142965, at *5 (M.D. Pa. 2023) (finding the lack of explanation for why the ALJ did not include the limitation from the only medical opinions compelled remand); *Barnett v. Berryhill,* 2018 WL 7550259, at *7–8 (M.D. Pa. 2018) *report and recommendation adopted,* 2019 WL 1082621 (M.D. Pa. 2019) (noting that although the

ALJ's rejection of the only medical source opinion created an evidentiary deficit, the ALJ's reasoning for rejecting the opinion was not supported by the facts in the record); *Mullins v. Berryhill*, 2018 WL 5649926, at *9–10 (M.D. Pa. 2018) (remanding the ALJ's rejection of an uncontradicted medical opinion, based on the now defunct "original treating physician" rule); *Prebish v. Berryhill*, No. 3:18-cv-710, at * 17 (M.D. Pa. 2019) (finding the ALJ's justification for a less limited residual functional capacity contradicted by the ALJ's finding that Plaintiff was more limited than the agency expert opined).

Here, the ALJ stated that limitations proposed by Dr. Phillips were not supported by Smith's treatment records, which set forth his treating provider's findings that deemed Smith's attention and concentration deficits mild. Tr. at 21;1175-1177. In other words, ALJ Barletta credited the treating provider's findings over Dr. Phillips's opinion. Thus, the ALJ's explanation for discounting a limitation with multiple citations to the medical record did not constitute an improper lay opinion. *See Sean M. v. Bisignano*, 2026 WL 311577 at *3 (E.D. Pa. 2026) (crediting the treatment notes from medical providers over that of a medical expert's opinion).

In essence, Smith asks the Court to reweigh the evidence in his favor here, but "[c]ourts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Because ALJ Barletta assessed the weight of the evidence and cited to "such relevant evidence as a reasonable mind might accept as adequate to support" his conclusion, Smith's disagreement with that determination does not warrant remand. Rather, the ALJ's evaluation is supported by substantial evidence in the record and is sufficiently articulated to permit judicial review, mandating affirmance. *Gamret v. Colvin*, 994 F. Supp. 2d at 698 (W.D. Pa. 2014).

**C. The ALJ Adequately Explained Why He Rejected Dr. Albandar's Opinion Pertaining to Leg Elevation Requirement.**

Smith contends ALJ Barletta rejected Dr. Albandar's opinion pertaining to leg elevation for the wrong reason. Doc. 7 at 16-17. Specifically, Smith contends that the ALJ failed to articulate his reasoning for why a history of pulmonary embolism would not require Smith to require leg elevation, when stating: "These limitations are not fully supported by the doctor's own explanation of the claimant's

symptoms. Particularly, the opinion regarding leg elevation notes a history of pulmonary embolism." Tr. at 26; Doc. 7 at 18–19. The Commissioner responds that the ALJ explained he did not find Dr. Albandar's opinion persuasive because it was not consistent with the medical record. Doc. 11 at 8-9.

Although the Court acknowledges the explanation for rejecting a need for leg elevation was not conveyed clearly, ALJ Barletta's reasoning is not so obscure that it precludes meaningful judicial review. An ALJ is not required to write his or her opinion in a particular way to comply with the articulation standard. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) ("*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis.") (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112 (3d Cir. 2000)). Moreover, the Court must review the ALJ's decision in its totality when assessing the adequacy of an ALJ's analysis. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)*; See Zaborowski v. Comm' r of Soc. Sec.*, 115 F.4th 637, 640 (3d Cir. 2024) (the ALJ may "weave [discussion of] supportability and consistency through her analysis of which doctors were more persuasive").

Here, the surrounding reasoning provides more context to the ALJ's analysis. Read in total, the ALJ explained:

> The undersigned finds [Dr. Albandar's] opinion not persuasive. These limitations are not fully supported by the doctor's own explanation of the claimant's symptoms. Particularly, the opinion regarding leg elevation notes a history of pulmonary embolism. Further, these limitations are not consistent with the claimant's treatment records at the hearing level, including physical examinations noting no deficits (see, e.g. Exhibit 12F, p. 9), which supports no greater limitations than those set forth above.

The cited exhibit states that the treating doctor during Smith's physical exam noted that "Pulmonary effort is normal. No respiratory distress." Tr. at 902. The cited exam occurred on September 14, 2023, three months before Dr. Albandar completed his physical medical opinion. Tr. at 902, 1064, 1069. Earlier in the decision, ALJ Barletta noted that other practitioners found Smith's pulmonary emboli resolved, as reflected in subsequent treatment. Tr. at 23. Finally, the ALJ cited a November 2023 examination by consultative examiner Tara Cywinski, in which Smith showed no signs of pulmonary deficits. Tr. at 24, 26. The ALJ relied on this medical evidence to find that Smith's pulmonary emboli did not justify a greater limitation. Tr. at 24; 766-767.

As such, the ALJ's reasoning for rejecting Dr. Albandar's leg elevation limitation was found in the record throughout the decision. *See Poff v. Bisignano*, 2026 WL 682536 at *8 (M.D. Pa. 2026) ("ALJ Kauffman's articulation of the medical evidence throughout the opinion does not warrant remand simply because that analysis was not reiterated in the specific section of the opinion deeming Nurse Hammon's findings partially persuasive."). Even if Smith disagrees with the ALJ's finding, "the presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009). Therefore, ALJ's Barletta's reasoning for rejecting Dr. Albandar's leg elevation limitation stands.

## IV. Conclusion

For the reasons set forth above, the Court will **AFFIRM** the Commissioner's decision and **DENY** the Plaintiff's request for relief. A separate order shall follow.

Date: November 23, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge